UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MICHAEL L. WYATT,

Defendant.

Case # 19-CR-6054-FPG

DECISION AND ORDER

## INTRODUCTION

On September 17, 2021, the Court received a Letter from Defendant Michael Wyatt, an inmate incarcerated at Allenwood Low Federal Correctional Institution ("Allenwood"). ECF No. 292. The letter requests "Compassionate Release" on the grounds that: (1) he believes his plea agreement is unlawful, unconstitutional, and unjust; (2) he suffers from diabetes and heart complications; and (3) the heightened risk of COVID-19 infection due to the conditions at Allenwood. *Id.* at 1, 3. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

On April 23, 2019, Defendant pled guilty to Count 1 of the Indictment, which charged a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute, and distribute, 40 grams or more of fentanyl and 28 grams or more of cocaine base, and heroin. ECF No. 153 ¶ 1. As Defendant recognizes, this was *less* than the quantity of drugs for which he was originally indicted—specifically, Count 1 of the Indictment charges Defendant with conspiracy to possess with intent to distribute, and distribute, 400 grams or more of fentanyl, 28 grams or more of cocaine base, and heroin. *See* ECF No. 137 at 2. On November 18, 2019, the Court sentenced Defendant to a term of imprisonment of 190 months. Defendant's projected release date is June 7, 2034.[1]

---

[1] Projected release date according to https://www.bop.gov/inmateloc/ (last visited Sept. 21, 2021).

## DISCUSSION

**I.      The Compassionate Release Framework**

Defendant seeks release under the First Step Act's "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A). This statute provides an exception to the general rule that a court may not modify a term of imprisonment once it has been imposed. *United States v. Lucas*, No. 15-CR-143, 2020 U.S. Dist. LEXIS 75428, at *3 (W.D.N.Y. Apr. 29, 2020) (citation, internal quotation marks, and brackets omitted). Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if a defendant can show that (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant a reduction; (3) he is not a danger to the community; and (4) a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *Lucas*, 2020 U.S. Dist. LEXIS 75428 at *3-4; *see also* U.S.S.G. § 1B1.13 (the United States Sentencing Guidelines Policy Statement on compassionate release).

Because courts consider the § 3553 factors when sentencing defendants, in the context of a motion for compassionate release, the task is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (discussing legislative history of provision). In other words, the issue is whether the original § 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at 431.

**II.     Whether Extraordinary and Compelling Reasons Exist[2]**

Here, the "extraordinary and compelling" reason that Defendant identifies as justifying release is his belief that his plea agreement was "unlawful, unconstitutional, and unjust," his diabetes and heart complications, and the risk of contracting COVID-19.

First, construing Defendant's motion liberally, he asserts that counsel did not sufficiently inform him of the Indictment charges and what the Government would need to prove—namely, 400 grams of fentanyl—and that his plea was to 40 grams of fentanyl.  *See* ECF No. 292 at 1-2.  Whether counsel adequately informed Defendant of the charges in the Indictment, the proof required for such charges, or the plea agreement, is not a ground upon which the Court may grant Compassionate Release.  Rather, such a claim may create a basis upon which Defendant files a claim for relief pursuant to 28 U.S.C. § 2255.  However, the Court has not, and will not, in this Decision and Order, evaluate the merits of such a potential claim and the Court provides no indication whether such a claim would ultimately be successful.

Next, Defendant asserts that he suffers from diabetes and heart complications since being incarcerated, and in construing his motion liberally, asserts that he is at higher risk of infection from COVID-19.  "[A] defendant's pre-existing health conditions . . . in combination with the increased risks of COVID-19 in prisons" may, in some cases, "constitute 'extraordinary and compelling reasons' warranting relief."  *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 U.S. Dist. LEXIS 84469, at *6 (D. Conn. Apr. 30, 2020).  Courts "base[] their resolution of compassionate release requests in the COVID-19 era on whether the inmate-movant ha[s] an underlying medical condition that place[s] her or him at risk of developing a severe case of the

---

[2] It is unclear whether Defendant has exhausted his administrative remedies as is required to properly file a Motion for Compassionate Release.  *See Lucas*, 2020 U.S. Dist. LEXIS 75428 at *3-4.  No matter.  Because Defendant's claims fail on the merits, the Court will not address the issue of exhaustion.

illness." *United States v. Lagan*, No. 1:18-CR-0283 (LEK), 2020 U.S. Dist. LEXIS 86330, at *8 (N.D.N.Y. May 11, 2020). "In making such a determination, numerous courts have looked to guidelines issued by the Centers for Disease Control and Prevention ("CDC") as to what conditions place an individual at higher risk for severe illness." *Id.* (citation and internal quotation marks omitted).

Regarding his underlying health conditions, Defendant alleges that he has diabetes and heart complications. ECF No. 292 at 3. To the extent Defendant does, in fact, suffer from the conditions alleged, the CDC has identified diabetes as a condition that may increase an individual's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 21, 2021).

Regarding his incarceration, Defendant argues that although he has not been infected with COVID-19, over 80% of his unit has had the virus, and therefore, the Court construes this point as Defendant's claim that he is at a high risk of contracting COVID-19 at Allenwood. However, recent data from the Bureau of Prisons does not suggest that Allenwood is currently facing an outbreak, let alone an uncontrolled one: as of September 21, 2021, no inmates or staff at Allenwood have an active case of COVID-19. *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 21, 2021). Indeed, as of September 21, 2021, 233 of Allenwood's inmates and 21 staff have tested positive and fully recovered. *Id.*

The Court is "mindful of the fact that conditions of confinement—sharing small cells, eating together, using same bathrooms and sinks, delays in medical evaluation and treatment, and rationed access to soap—make prisons more potentially conducive to the transmission of COVID-19 than elsewhere." *United States v. Murph*, No. 08-CR-322 (JMA), 2020 U.S. Dist. LEXIS

105100, at *7 (E.D.N.Y. June 16, 2020).  However, "COVID-19 does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Weiskopf*, No. 19-CR-6093-FPG, 2020 U.S. Dist. LEXIS 125460, at *9 (W.D.N.Y. May 14, 2020) (citation and internal quotation marks omitted)).   To demonstrate entitlement to release, a defendant need not "establish his increased risk with mathematical precision," but he should at least "provide a reasonable estimate of the risk he faces." *Id.* at *8.  As one court recently put it, asserting that a defendant's health conditions "may," or even "likely," increase the risk associated with COVID-19 is still "a step or two from stating to a degree of scientific certainty that [a risk] does exist." *United States v. Delgado*, No. 1:18-cr-902-GHW, 2020 U.S. Dist. LEXIS 166305, at *11 (S.D.N.Y. Sept. 11, 2020) ("[Defendant] has shown that his medical conditions are associated with the possibility of increased risk, but not the degree of possibility; or the extent of the incremental risk.  Those gaps are meaningful.  The Policy Statements do not support the conclusion that any degree of increased risk is sufficient to the requisite showing of 'extraordinary and compelling' circumstances.").

Defendant has not satisfied his burden of showing entitlement to release here.

**III.  Whether Compassionate Release Would Undermine the Goals of the Original Sentence**

Even if Defendant could establish the existence of extraordinary and compelling circumstances, the Court would nevertheless conclude that a reduction of his term of imprisonment is inconsistent with the factors set forth in § 3553(a).

Under § 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;

>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
> (5) any pertinent [Sentencing Commission policy statement]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*United States v. Sawicz*, No. 08-cr-287 (ARR), 2020 U.S. Dist. LEXIS 64418, at *7 (E.D.N.Y. Apr. 10, 2020) (quoting 18 U.S.C. § 3553(a)).

The Court weighed these factors when it imposed Defendant's original term of imprisonment. The nature of Defendant's offense is very serious: Defendant pled guilty to conspiracy to possess with the intent to distribute, and distribute, 40 grams or more of fentanyl and 28 grams or more of cocaine base and heroin. ECF No. 153. This offense carried a mandatory minimum sentence of 120 months and a maximum term of life imprisonment. *Id.* Defendant's sentencing guideline range was 168 to 210 months. ECF No. 266 at 23. The Court imposed a sentence within the guideline range of 190 months. In accordance with the plea agreement, the Court considered Defendant's acceptance of responsibility, but discussed Defendant's lengthy criminal history and consistent involvement with drugs. *Id.* at 21-24. Thus, the Court imposed a substantial sentence that reflected its analysis of the § 3553(a) factors at that time.

Defendant asserts that he wants a better life and has taken steps to make that possible, such as obtaining a driver's license, forklift license, asbestos certification, chemical hazmat certification, CPR training, OSHA certification and his barbering license. ECF No. 292 at 3. While Defendant's efforts are worth commending, they do not weigh heavily in favor of release. Indeed, rehabilitation alone cannot constitute an "extraordinary and compelling" reason justifying

compassionate release. *See United States v. Sanchez*, No. 08-cr-789-1 (RJS), 2020 U.S. Dist. LEXIS 89324, at *3 (S.D.N.Y. May 21, 2020).

For all the reasons considered at sentencing, Defendant's original sentence was and remains appropriate, notwithstanding the pandemic. According to the BOP Defendant's projected release date is June 7, 2034—still over 12 years away. Reducing his sentence by 12 years would not substantially satisfy the purposes of his original sentence, as it would fail to "reflect the seriousness of the offense, []promote respect for the law, [or] provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). While "[a] just punishment should not include an unacceptable risk of exposure to COVID-19 or any potentially lethal disease," *United States v. Vence-Small*, No. 3:18-cr-00031 (JAM), 2020 U.S. Dist. LEXIS 80576, at *11 (D. Conn. May 7, 2020), neither should the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment.

Accordingly, the Court finds that Defendant has not met his burden of showing that release is warranted and his motion for compassionate release, ECF No. 292, is DENIED.

## CONCLUSION

For the reasons discussed, Defendant's motion for compassionate release, ECF No. 292, is DENIED.

IT IS SO ORDERED.

Dated: September 22, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York