UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 19-CR-6054-FPG
DECISION AND ORDER

MICHAEL WYATT,

Defendant.

On September 22, 2021, this Court denied Defendant Michael Wyatt's letter request for compassionate release, which it had construed as a motion arising under 18 U.S.C. § 3582(c)(1)(A). ECF No. 293. The Court concluded that Defendant had not established an extraordinary and compelling reason for release, and that, regardless, release would be inconsistent with the Section 3553(a) factors. *See id.* at 5-7.

On May 20, 2022, the Court received a letter from Defendant Michael Wyatt. *See* ECF No. 298. Defendant writes that he has taken time "to think and evaluate [his] life," and he recognizes that his "environment was stronger" than his "willpower" for much of his life, leading to his criminal activity. *Id.* at 1-2. In contrast to his own upbringing, Defendant sought to craft a positive environment for his family that would allow them to thrive. *See id.* at 2. While he acknowledges that he sold drugs, Defendant explains that he did so in order to pay an outstanding debt and maintain his license. *See id.* at 3. Defendant states that, while imprisoned, he has developed a stronger relationship with God and his wife. *See id.* He asserts that his wife needs help supporting the family, and he contends that he "will never sell drugs again." *Id.* at 4. Defendant requests that the Court reconsider and grant his motion for compassionate release.

Defendant's request is DENIED. The Court commends Defendant for his positive outlook and rehabilitative efforts, and the Court has no reason to doubt Defendant's stated intent to leave

criminal activity behind him so that he can better support his family. However, it remains the case that this Court does not have the authority to "modify a term of imprisonment once it has been imposed except pursuant to statute," *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted), and Defendant has not shown that he meets the rigorous standard for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which is limited to "truly exceptional cases." *United States v. McCoy*, 981 F.3d 271, 287 (4th Cir. 2020).

In its prior decision, the Court evaluated many of the considerations that Defendant identifies in his present letter—his positive characteristics as a father, husband, and provider; his health conditions and the prison environment; and his explanation for his criminal behavior. *See* ECF No. 292 at 1-3; ECF No. 293. The Court nonetheless concluded that Defendant had not demonstrated extraordinary and compelling reasons for release. *See* ECF No. 293 at 3-5. Defendant's present letter does not change the analysis. The Court does not wish to diminish the difficulties that Defendant's family is facing due to his incarceration, but "[i]t is an unfortunate fact . . . that [such] burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors." *United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020). Likewise, Defendant's new outlook on life and rehabilitation are insufficient to establish extraordinary and compelling circumstances. *See United States v. Poncedeleon*, No. 18-CR-6094, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020).

Accordingly, Defendant has not met the standard for relief under Section 3582(c)(1)(A)(i), and his letter motion (ECF No. 298) is therefore DENIED.

IT IS SO ORDERED.

Dated: June 17, 2022
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York