UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL WYATT,

                              Petitioner,

                                                          19-CR-6054-FPG
v.                                                        22-CV-6581-FPG


UNITED STATES OF AMERICA,                                 DECISION AND ORDER

                              Respondent.


## INTRODUCTION

On December 27, 2022, pursuant to 28 U.S.C. § 2255, *pro se* Petitioner Michael Wyatt moved to vacate his federal conviction for conspiracy to possess with intent to distribute, and to distribute, 400 grams or more of fentanyl, 28 grams or more of cocaine base, and heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846. ECF No. 302. On January 31, 2023, the Government filed a response opposing the motion. ECF No. 304. Petitioner has also filed a letter motion for compassionate release. ECF No. 306. For the reasons set forth below, Petitioner's request for habeas corpus relief is DENIED, and the petition is DISMISSED. His request for compassionate release is also DENIED.

## BACKGROUND

On April 11, 2019, a grand jury returned an eight-count indictment charging Petitioner and his co-defendants with, among other offenses, conspiracy to possess with the intent to distribute, and to distribute, 400 grams or more of fentanyl, 28 grams or more of cocaine base, cocaine, and heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)-(C) and 21 U.S.C. § 846.  ECF No. 84. On April 25, 2017, the Government filed an Information stating that Petitioner had a previous conviction for a serious drug felony and was therefore subject to enhanced penalties. ECF No. 141.

1

On April 23, 2019, Petitioner pleaded guilty to Count 1 of the indictment pursuant to a written plea agreement. ECF Nos. 153, 155. The plea agreement provided for a sentencing range of 168 to 210 months, based on a total offense level of 31 and criminal history category of V. ECF No. 153 ¶ 13. The Government and Petitioner agreed that, among other adjustments, the four-level "aggravating role" adjustment under U.S.S.G. § 3.B1.1(a) would apply. *Id.* ¶ 9. Petitioner also agreed to plead guilty to a pending violation of supervised release. *Id.* ¶ 17. Although the Government agreed to recommend that the sentences on the conspiracy conviction and the supervised release violation run concurrently, Petitioner acknowledged that the Court was not bound by this recommendation. *Id.* He further agreed that he was not entitled to withdraw his guilty plea if the Court imposed consecutive sentences. *Id.* Petitioner also waived his right to appeal or collaterally attack any sentence within or below the sentencing range set forth in the plea agreement. ECF No. 153 ¶¶ 13, 23.

After applying adjustments to the base offense level, the Presentence Investigation Report ("PSR") determined that the total offense level in this case was 31. Based on Petitioner's significant role in the drug conspiracy, the PSR included a four-level increase based on Petitioner's role as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." ECF No. 184 at 23. Petitioner filed a written *pro se* objection challenging the application of the four-level increase, in which he argued that the "leader or organizer" adjustment should not apply because he did not exercise control over two of his co-conspirators. ECF No. 205 at 1.

On November 18, 2019, this Court sentenced Petitioner to a term of imprisonment of 190 months, in accordance with the plea agreement. *See* ECF No. 251 at 2. The Court also sentenced Petitioner to a consecutive term of imprisonment of 33 months for the supervised release violation,

2

for a total term of imprisonment of 223 months. *Id.* At sentencing, this Court notified Petitioner that he had waived his right to appeal or otherwise attack the sentence. *See* ECF No. 266 at 29. On November 20, 2019, judgment was entered against Petitioner and, shortly thereafter, Petitioner timely appealed. ECF No. 251, 254.

On appeal, Petitioner's appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). ECF No. 302 at 2. The Government moved to dismiss the appeal or for summary affirmance. Motion, *United States v. Wyatt*, No. 19-3965 (2d Cir. Sept. 23, 2020).[1] On April 9, 2021, the Second Circuit granted the *Anders* motion. Motion Order, *United States v. Wyatt*, No. 19-3965 (2d Cir. Apr. 9, 2021); *see also* ECF No. 291. It also granted the Government's motion to dismiss with respect to the terms of imprisonment and supervised release and the Government's motion for summary affirmance with respect to the conviction, forfeiture, special conditions of supervised release, and special assessment. ECF No. 291. In light of these decisions, the Second Circuit also denied Petitioner's motion for substitute counsel as moot. *Id.* The Second Circuit issued the mandate on May 21, 2021. *Id.*

Nearly a year later, on May 11, 2022, Petitioner filed a counseled motion to vacate the mandate on the grounds that Petitioner's previous appellate counsel failed to address issues that Petitioner could have raised on appeal, namely ineffective assistance of counsel. Motion, *United States v. Wyatt*, No. 19-3965 (2d Cir. May 11, 2022). The Second Circuit denied the motion on May 25, 2022. Motion Order, *United States v. Wyatt*, No. 19-3965 (2d Cir. May 25, 2022).

---

[1] "Docket sheets are public records of which a court may take judicial notice. The Court takes judicial notice of documents filed in the [Second Circuit] not for the truth of the matters asserted, but 'to establish the fact of such litigation and related filings.'" *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 568 n.1 (E.D.N.Y. 2020) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) and *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)).

About seven months later, on December 27, 2022, Petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he claims that trial counsel provided ineffective assistance at various stages of the plea negotiation process and sentencing. *See* ECF No. 302.

Petitioner has also filed a letter motion for compassionate release dated April 9, 2023. ECF No. 306. In his letter, he explains that a prior federal conviction, for which he was sentenced to 156 months in prison, was the result of him being "too slick and too smart for his own good." *Id.* at 1. He also states that he fell victim to his neighborhood in the City of Rochester, and that he has since become more mature. *Id.* at 1-2. In addition, Petitioner asserts that he now understands life and wants to move away from Rochester and be a "great father, great husband, and a great barber to his community." *Id.* at 2.

## LEGAL STANDARD

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). While the remedy provided by Section 2255 is "comprehensive, it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, relief "is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of

justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Section 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255(b). However, "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." *Armienti v. United States*, 234 F.3d 820, 822-23 (2d Cir. 2000) (quoting Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts) (alteration in original).

Where, as here, the petitioner is proceeding *pro se*, the district court must read the pleadings liberally and construe them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION

Petitioner contests his conviction on the grounds that defense counsel was "constitutionally ineffective during both the plea negotiations and sentencing phase," rendering the collateral attack waiver invalid. ECF No. 302-1 at 9. First, Petitioner claims that defense counsel was constitutionally ineffective for failing to "fully investigate the facts" of the four-level adjustment, "submit written objections" to the adjustment, and failing to request a *Fatico* hearing regarding the adjustment. *Id.* at 13-14. Second, Petitioner claims that defense counsel was constitutionally ineffective for failing to object or move to withdraw the plea when the Court imposed consecutive sentences. *Id.* at 15-16. Before turning to the merits of Petitioner's claims, the Court first addresses the threshold question of timeliness.

## I.        Timeliness

A petitioner must generally file a motion to vacate pursuant to 28 U.S.C. § 2255 within one year of the date his judgment of conviction becomes final, "but the beginning of the limitations period may be delayed if certain circumstances beyond the petitioner's control prevent him from raising the claim earlier." *Fermin v. United States*, 859 F. Supp. 2d 590, 597 (S.D.N.Y. 2012) (citing 28 U.S.C. § 2255(f)). Where a petitioner has not petitioned the Supreme Court for certiorari, a judgment becomes final when the time to seek certiorari expires, "ordinarily 90 days after judgment." *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022).

This one-year deadline is a statute of limitations, not a jurisdictional bar. *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001). Thus, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a . . . habeas petition." *Graham v. United States*, No. 12-CR-311, 2021 WL 2983070, at * 5 (W.D.N.Y. July 9, 2021) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)). "Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id.* (quoting *Day*, 547 U.S. at 209).

Petitioner's conviction appears to have become final on July 8, 2021, ninety days after entry of the Second Circuit's order affirming his conviction and dismissing his appeal. *See Kemp*, 142 S. Ct. at 1860. The limitations period therefore appears to have run on July 8, 2022. 28 U.S.C. § 2255(f). Petitioner asserts that the one-year limitations period had not run when he filed his § 2255 motion on December 27, 2022 because he filed a "motion for rehearing," which the Second Circuit denied on May 25, 2022. *See* ECF No. 302 at 10. However, Petitioner does not appear to have filed a petition for rehearing, but rather a motion to vacate the mandate. While a petition for

rehearing may extend the time to file a petition for certiorari, it does not appear that a motion to vacate the mandate has the same effect. *See* S. Ct. R. 13(2) (time to file petition for certiorari runs from the date of entry of judgment but "if *a petition for rehearing* is timely filed . . . or if the lower court appropriately entertains an untimely petition for rehearing," time to file for certiorari "runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment").

Nevertheless, while Petitioner's motion is arguably untimely, Respondent does not challenge it on this basis. *See* ECF No. 304 at 3 ("On December 27, 2022, Wyatt, *pro se*, filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255."). Moreover, Petitioner appears to have relied on the advice of counsel in both filing the motion to vacate the mandate and awaiting the Second Circuit's decision on that motion prior to filing his § 2255 motion. *See* ECF No. 302 at 10. The Court therefore finds that the interests of justice and judicial efficiency would be better served by addressing the merits of Petitioner's claims. *See Graham*, 2021 WL 2983070, at *5.

## II.    The Collateral Attack Waiver

Petitioner argues that defense counsel's ineffectiveness renders the collateral attack waiver invalid. ECF No. 302 at 4. "Where the record clearly demonstrates that the defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." *United States v. Monzon*, 359 F.3d 110, 116-17 (2d Cir. 2004) (citations omitted). This principle applies equally to waivers of collateral attack rights. *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam) (citing *Tellado v. United States*, 745 F.3d 48, 54-55 (2d Cir. 2014)).

However, "a plea agreement containing [such] a waiver . . . is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel," *United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) (internal citations omitted), because "'the very product of the alleged ineffectiveness' cannot fairly be used to bar a claim of ineffective assistance of counsel," *id.* (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999)). In other words, "a waiver cannot bar challenges to the process leading to the plea on the basis that the defendant was provided ineffective assistance of counsel." *United States v. Chua*, 349 F. Supp. 3d 214, 219 (E.D.N.Y. 2018) (citing *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002)).

Because Petitioner argues that the collateral attack waiver is not enforceable due to counsel's ineffectiveness during the plea negotiation process, the Court must address Petitioner's specific claims that defense counsel's (i) failure to sufficiently investigate and challenge the four-level "leader or organizer" adjustment and (ii) failure to object or move to withdraw the plea in response to the Court's decision to impose consecutive rather than concurrent sentences were constitutionally ineffective in violation of the Sixth Amendment. For the reasons set forth below, the Court rejects each claim and, accordingly, dismisses as moot Petitioner's claim that the collateral attack waiver is not enforceable because counsel was not constitutionally ineffective.[2]

### III.    Ineffective Assistance of Counsel

Petitioner claims that defense counsel was ineffective for two reasons. First, defense counsel failed to sufficiently investigate and challenge the four-level adjustment under U.S.S.G. § 3B1.1 for his role as a leader or organizer. ECF No. 302-1 at 13-14. Second, defense counsel was

---

[2] Petitioner does not contend that his collateral attack waiver was not knowing or voluntary. The Court accordingly need not address this point and construes the petition "to raise the strongest arguments [it] suggest[s]." *Triestman*, 470 F.3d at 474.

ineffective for failing to object to or move to withdraw the plea in response to the Court's imposition of consecutive sentences in breach of the plea agreement. *Id.* at 15-16. For the reasons that follow, neither claim warrants relief.

"Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). To bring a successful ineffective assistance of counsel claim, a petitioner faces a "difficult two-part test," *DeLuca v. Lord*, 77 F.3d 578, 584 (2d Cir. 1996), as he must demonstrate (1) that counsel's performance was deficient as measured against "an objective standard of reasonableness . . . under prevailing professional norms," and (2) that counsel's deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

To satisfy the second prong of *Strickland* in the context of plea negotiations, the petitioner "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citing *Missouri v. Frye*, 566 U.S. 134, 148-49 (2012)). A petitioner may do so by, for example, demonstrating that, absent counsel's errors, he would not have pleaded guilty and would have proceeded to trial. *United States v. Keith*, 765 F. App'x 526, 529 (2d Cir. 2019) (summary order); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In the context of sentencing, "the defendant must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). In any case, Petitioner must show that he was "actually prejudiced as a result" of counsel's deficient performance, which "requires some objective evidence other than [Petitioner's] assertions to establish prejudice." *Bennett v. United States*, 663

F.3d 71, 84 (2d Cir. 2011); *see also Pham v. United States,* 317 F.3d 182, 182 (2d Cir. 2003). As explained below, Petitioner has failed to do so.

### A.  "Leader or Organizer" Adjustment

Petitioner claims that defense counsel was ineffective for failing to investigate the facts underlying the four-level "leader or organizer" adjustment pursuant to U.S.S.G. § 3B1.1(a), failing to request a *Fatico* hearing on the "disputed facts within the PSR" supporting the adjustment, and failing to object to its application. ECF No. 302-1 at 14. Specifically, Petitioner asserts that defense counsel should have objected because he did not have "control over five participants within the conspiracy," and therefore the adjustment the did not apply. *Id.* Petitioner does not assert that, but for defense counsel's failures, he would have declined to plead guilty and would have instead elected to go to trial. Instead, he merely asserts that a successful objection would have reduced his sentencing exposure or that, had defense counsel moved to withdraw the plea on this basis, defense counsel would have been able to negotiate a more favorable agreement. ECF No. 302-1 at 21. For the reasons that follow, Petitioner's claim is without merit.

Petitioner has failed to show a reasonable probability that, but for counsel's purported errors, he would have received a lesser sentence. *Gonzalez*, 722 F.3d at 130. Because, therefore, Petitioner has not demonstrated that counsel's performance was sufficiently prejudicial, the Court need not, consider whether defense counsel's performance was deficient. *See Strickland*, 466 U.S. at 697. With respect to defense counsel's purported failure to investigate or to request a *Fatico* hearing, Petitioner has failed to show a reasonable probability that such investigation or hearing would have changed the outcome. *Lafler* 566 U.S. at 163. The PSR detailed Petitioner's extensive role in a drug trafficking conspiracy that involved at least five participants. *See* ECF No. 184 ¶¶ 40-100. The Court concluded that there was "more than sufficient information for the Court to find

that" he was an organizer or leader of that criminal activity. ECF No. 266 at 10. For example, Petitioner maintained two properties involved in the drug conspiracy and directed other individuals to prepare controlled substances for delivery and to distribute those controlled substances. *Id.* at 9-10. He was also directly involved in a number of sales himself. *Id.* Petitioner's only basis for challenging this finding is his assertion that he did not control two of his co-conspirators. ECF No. 205 at 1. However, to qualify for this adjustment, the defendant must have been the leader or organizer of only "one or more other participants." U.S.S.G. § 3B1.1, Application Note 2; *see also United States v. Batista*, 684 F.3d 333, 344-45 (2d Cir. 2012) ("[T]he defendant need not have been the leader of more than one other participant for the [four-level adjustment] to apply." (quoting *United States v. Chavez*, 549 F.3d 119, 136 (2d Cir. 2008)).

Petitioner has not provided any "objective evidence" that would undermine the Court's determination that he was a leader or organizer of at least one other participant in criminal activity involving at least five participants. *Bennett*, 663 F.3d at 84. He has therefore failed to demonstrate that further investigation or a *Fatico* hearing would have had a reasonable probability of resulting in the application of a lesser, or no, aggravating role adjustment. Accordingly, he has failed to demonstrate that defense counsel's purported failures to investigate or request a *Fatico* hearing were sufficiently prejudicial as to constitute ineffective assistance of counsel. *Gonzalez*, 722 F.3d at 130.

Defense counsel's failure to file written objections to the four-level adjustment likewise did not prejudice Petitioner. Petitioner filed a *pro se* objection to the application of the four-level adjustment. ECF No. 205. Further pressing the matter, as Petitioner now advocates, would have breached the plea agreement, which, in turn, would have relieved the Government not only of its agreement regarding sentencing recommendations but also of "any agreement to dismiss or not

11

pursue additional charges." ECF No. 153 ¶ 14. Nevertheless, at sentencing, defense counsel walked a fine line, stating that Petitioner wanted the Court to consider his *pro se* objection while acknowledging the risk of raising the issue. ECF No. 266 at 4. Petitioner himself stated that only wished to challenge the four-level adjustment, not withdraw from the plea agreement. *Id.* at 5. The Court considered the objection, reviewed the facts underlying the adjustment, and ultimately determined that those facts supported application of the adjustment. *See* ECF No. 266 at 9-10.

Petitioner asserts that *Strickland*'s prejudice prong is satisfied because, without the four-level adjustment, the Guidelines range would have been only 120 to 150 months, based on a total offense level of 27. ECF No. 302-1 at 21. But, other than this conclusory statement, he has made no showing that the Court would have imposed such a lesser sentence if defense counsel had submitted a written objection, rather than requesting that the Court consider Petitioner's written *pro se* objection. *See Peebles v. United States*, No. 09-CR-331, 2022 WL 278179, at *9 (W.D.N.Y. Jan. 31, 2022) (ineffective assistance of counsel claim failed where petitioner failed to demonstrate a reasonable probability that he would have received a shorter sentence if defense counsel had objected to the PSR). Moreover, he has made no showing that, had defense counsel submitted such an objection, the Government would have agreed to a lesser sentence.

Because defense counsel's purported errors with respect to the leader or organizer adjustment were not prejudicial, Petitioner has failed to establish that he received constitutionally ineffective assistance of counsel either during the plea negotiation process or at sentencing.

### B.  Consecutive Sentences

Petitioner asserts that because the Court "breached the term[s]" of the written plea agreement when it imposed consecutive, rather than concurrent, sentences for the conspiracy conviction and the supervised release violation, defense counsel should have objected or moved

to withdraw from the plea agreement. ECF No. 302-1 at 15-16. Defense counsel's purported failure occurred at sentencing, not prior to the plea. *Id.* It is therefore doubtful that this argument challenges defense counsel's performance during the "process leading to the plea," *Chua*, 349 F. Supp. 3d at 219, and could therefore invalidate the collateral attack waiver. Nevertheless, "assuming that the Petitioner's grounds for ineffective assistance of counsel survive the [collateral attack waiver]," *LaMarco v. United States*, 336 F. Supp. 3d 152, 166 (E.D.N.Y. 2018), because the plea agreement specifically provided for the possibility of consecutive sentences, this claim is without merit.

Before determining whether defense counsel should have objected to a breach of the plea agreement, the Court must determine whether there was, at least arguably, such a breach. *See Prelaj v. United States*, No. 18-CV-4864, 2020 WL 3884443, at *6 (S.D.N.Y. July 9, 2020). In doing so, the Court reviews the agreement "in accordance with the principles of contract law," looking "to what the parties reasonably understood to be the terms of the agreement." *United States v. Taylor*, 961 F.3d 68, 81 (2d Cir. 2020) (quoting *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005)). Assessments of "allegations of breached plea agreements depend on what the reasonable understanding and expectations of the defendant were as to the sentence for which he had bargained." *United States v. Wilson*, 920 F.3d 155, 158 (2d Cir. 2019).

The written plea agreement here is clear. Although the Government agreed to recommend concurrent sentences, Petitioner acknowledged:

> that the Court is not bound to sentence the defendant concurrently with the supervised release violation, and he will not be entitled to withdraw the plea of guilty because of the imposition of the sentence of imprisonment . . . consecutively . . . with the sentence imposed on the supervised release violation.

ECF No. 153 ¶¶ 16-17. During the plea colloquy, Petitioner indicated that he understood the meaning of these terms. ECF No. 262 at 17-18. At sentencing, after the Court imposed consecutive sentences, the Government reiterated that it had recommended concurrent sentences. ECF No. 266 at 28. The Court acknowledged the recommendation but confirmed its decision to impose consecutive sentences. *Id.* In light of the plain language of the plea agreement—and Petitioner's statement confirming that he understood it—Petitioner cannot show that the imposition of consecutive sentences fell outside of his "reasonable understanding and expectations . . . as to the sentence for which he had bargained." *Wilson*, 920 F.3d at 158. Accordingly, any claim that the plea agreement was breached is without merit.

Because Petitioner has failed to establish a breach of the plea agreement, he "necessarily fails to demonstrate" that defense counsel's failure to object to the Court's sentence "fell below an objective standard of reasonableness." *Prelaj*, 2020 WL 3884443, at *6 (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted); *see also United States v. Regalado*, 518 F.3d 143, 150 (2d Cir. 2008) (failure to make a meritless argument does not amount to ineffectiveness). Although Petitioner asserts that defense counsel "could very likely have negotiated a more favorable plea," had he withdrawn the plea, this conclusory assertion, without more, is insufficient to establish prejudice. *Prelaj*, 2020 WL 388443, at *6 (quoting *Strickland*, 466 U.S. at 694). Accordingly, Petitioner's claim that defense counsel was constitutionally ineffective for failing to object to, or move to withdraw the plea in response to, the imposition of consecutive sentences fails.

In sum, Petitioner's motion to vacate is DENIED for the reasons stated above.

### IV.    Compassionate Release

Petitioner also moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 306. He asserts that he has matured and now has a better understanding of life, and that he hopes to be a "great father, great husband, and great barber." *Id.* at 1-2. Because Petitioner has not demonstrated extraordinary and compelling reasons that warrant release, the Court denies his motion.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted). "Section 3582(c)(1)(A) provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under Section 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if, after "considering the factors set forth in section 3553(a)," the court "finds that . . . extraordinary and compelling reasons warrant such a reduction." A district court's "discretion in this area—as in all sentencing matters—is broad," and courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Flores*, No. 17-CR-449, 2020 WL 2907549, at *2 (S.D.N.Y. June 3, 2020).

Petitioner has not shown that he has met the statutory exhaustion requirement. *See* ECF No. 306. But even if he could, he has not demonstrated extraordinary and compelling reasons to reduce his sentence. While Petitioner's change in perspective and aspirations to be a "great father [and] husband," ECF No. 306 at 2, are worth commending, such claims of rehabilitation, without more, do not constitute "extraordinary and compelling reasons" justifying compassionate release. *See United States v. Lee*, No. 22-CR-6031, 2023 WL 3107279, at *3 (W.D.N.Y. Apr. 20, 2023)

(citing *United States v. Poncedeleon*, No. 18-CR-6094, 2020 WL 3316107, at *3 (WD.N.Y. June 18, 2020)).

While the Court may consider Petitioner's claims of rehabilitation in conjunction with other factors, *Lee*, 2023 WL 3017279, at * 3, Petitioner has not identified any other extraordinary and compelling reasons to reduce his sentence. Although Petitioner states that he continues to miss out on life with his family, compassionate release is justified only where family circumstances are "truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated." *United States v. John*, No. 15-CR-208, 2021 WL 77029, at *2 (S.D.N.Y. Nov. 10, 2020); *see also United States v. Francisco-Ovalle*, No. 18-CR-526, 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021) ("Defendant's desire to provide financial support for his family, while also admirable, applies broadly to incarcerated persons and does not in itself provide extraordinary and compelling reasons justifying release."). Here, Petitioner's circumstances reflect the unfortunate but inevitable experiences of many incarcerated individuals. They do not, therefore, rise to the level of "extraordinary and compelling" circumstances that could justify compassionate release.

Because Petitioner has not established the existence of extraordinary and compelling reasons justifying his release, his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's request for habeas relief is DENIED and his petition, ECF No. 302, is DISMISSED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. The Clerk of Court shall enter

judgment and close the civil case (No. 22-CV-6581) associated with the petition. Further,

Petitioner's motion for compassionate release, ECF No. 306, is DENIED.

      IT IS SO ORDERED.

Dated: May 11, 2023
      Rochester, New York

                                            _____
                                            HON. FRANK P. GERACI, JR.
                                            United States District Judge
                                            Western District of New York